UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VILLAGE WEST ASSOCIATES<br>*Plaintiff*<br><br>vs.<br><br>RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA 08 192<br>Civil Action No. __________ |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff is the owner of a multifamily rental housing project that is assisted under the U.S. Department of Housing and Urban Development ("HUD") project-based Section 8 Program. Under the project-based Section 8 Program, HUD makes rental assistance payments, called annual contributions, to a public housing agency ("PHA") such as the Defendant, Rhode Island Housing and Mortgage Finance Corporation ("RIHMFC"), in accordance with an Annual Contributions Contract between HUD and the PHA. The PHA, in turn, remits a portion of the annual contributions it receives from HUD to the owner of a project, such as Plaintiff, in the form of housing assistance payments pursuant to a Housing Assistance Payments ("HAP") Contract between the PHA and the owner for the purpose of reducing the amount of rent paid by the tenants who live in the units covered by the HAP Contract.

2. Plaintiff and RIHMFC entered into a HAP Contract effective March 1, 1982.

3. In accordance with the HAP Contract between Plaintiff and RIHMFC, Plaintiff is entitled to an annual increase in the rents payable under the Contract. Since 1995, RIHMFC has not increased the rents payable under the HAP Contract between Plaintiff and RIHMFC in

accordance with the terms of the Contract. The failure by RIHMFC to increase the rents constitutes a breach of the HAP Contract between Plaintiff and RIHMFC.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1331.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b).

**PARTIES**

6. Plaintiff is a limited partnership that was formed under the laws of New York and is qualified to do business in Rhode Island. Plaintiff is the owner of Village West, a 35-unit multifamily rental housing project located in Woonsocket, Rhode Island.

7. The Defendant was created under the laws of Rhode Island. Defendant is a State Agency, as defined by 24 C.F. R. § 883.302 (2007), and a public housing agency, as defined by Section 3 of the United States Housing Act of 1937 ("1937 Act"). 42 U.S.C. § 1437a.

**FACTS**

**The Section 8 Program**

8. This action arises under Section 8 of the 1937 Act, 42 U.S.C. § 1437f ("Section 8"). Section 8 was enacted in 1974 for the purpose of aiding low-income families in obtaining a decent place to live and promoting economically mixed housing. Section 8 seeks to achieve these goals by providing rent subsidies on behalf of low-income families living in rental housing owned primarily by non-public persons and entities.

9. Section 8 authorizes HUD to enter into an Annual Contributions Contract ("ACC") with a PHA. An ACC obligates HUD to provide funding to the PHA for the purpose of making monthly housing assistance payments to the owner of a multifamily rental housing project pursuant to the HAP Contract between the PHA and the owner. The monthly housing assistance payments by the PHA to the owner benefit the low-income persons living

in the units covered by the HAP Contract by reducing the amount of rent paid by those tenants.

10. HUD has implemented Section 8 through several distinct programs. One such program is the Section 8 Program for State Housing Agencies. Village West was built, and is managed, under HUD's Section 8 Program for State Housing Agencies.

11. The policies and procedures applicable to a State Agency, as defined by HUD, and a project built under the Section 8 Program for State Housing Agencies are contained in 24 C.F.R. Part 883.

12. A HAP Contract is "The Contract entered into by the owner and the State Agency upon satisfactory completion of a new construction or substantial rehabilitation project which sets forth the rights and duties of the parties with respect to the project and the payments under the Contract." 24 C.F.R. § 883.302 (2007).

13. A Section 8 HAP Contract establishes a rent ("Contract Rent") for each unit covered by the HAP Contract. The amount of the monthly housing assistance payment for each unit is the difference between the Contract Rent and the amount the tenant is required by law to pay as rent.

14. Under HUD's Section 8 Programs, including the Program for State Housing Agencies, annual adjustment factors are used to calculate the increase in a Section 8 project's Contract Rents to which an owner is entitled under its HAP Contract. 24 C.F.R. § 888.201(2007). HUD is required to publish these adjustment factors by notice in the Federal Register at least annually. 24 C.F.R. § 888.202 (2007).

15. In HUD's Fiscal Year 1995 Appropriations Act, the "Departments of Veterans Affairs and Housing and Urban Development and Independent Agencies Appropriations Act, 1995", Congress revised Section 8 to limit the annual increase in the Contract Rents of a

project assisted under Section 8, such as Village West, where the project's Contract Rents exceed the "fair market rental for an existing dwelling unit in the market area" except "to the extent that the owner demonstrates that the adjusted rent would not exceed the rent for an unassisted unit of similar quality, type, and age in the same market area." P.L. No. 103-327, 108 Stat. 2298, 2315 (1994).

16. In that same Act, Congress further revised Section 8 by requiring that for the units in a Section 8 project that are occupied by the same family as the family that occupied the unit at the time of the previous annual rent increase, .01 besubtracted from the annual adjustment factor that would otherwise be used to increase a unit's Contract Rent, except that the factor may not be reduced to less than 1.0. P.L. No. 103-327, 108 Stat. 2298, 2315 (1994).

17. These two revisions to Section 8 were originally effective for Fiscal Year 1995 only. The provisions were made permanent beginning with Fiscal Year 1999.

18. On March 7, 1995, HUD issued Notice H 95-12 ("Notice 95-12") for the purpose of implementing the 1994 revisions to Section 8 contained in HUD's FY 1995 Appropriations Act.

19. In accordance with Notice 95-12, and subsequent Notices issued by HUD to further implement the 1994 revisions to Section 8, in order for the owner of a Section 8 project to receive the annual rent increase to which the owner would otherwise be entitled under its HAP Contract, the owner is required, when the Contract Rents exceed the applicable Fair Market Rents published by HUD, to submit an "Estimate of Market Rent by Comparison" on form HUD-92273 ("Form 92273") at least sixty days before the anniversary date of the owner's HAP Contract.

20. The purpose of Form 92273 is to calculate the estimated market rent for a project's units. If a project's Contract Rents, as adjusted by the applicable annual adjustment factor, are less than the rent calculated on Form 92273, an owner is entitled to the full increase.

21. If a project's rents, as adjusted by the applicable annual adjustment factor, are greater than the estimated market rent calculated on Form 92273, then additional calculations are required to ensure that the difference between a project's initial Contract Rents and the rent for a comparable unassisted unit on the effective date of a project's HAP Contract is preserved.

**The Village West Project**

22. Village West was built under HUD's Section 8 Program for State Housing Agencies. The project consists of 10 one-bedroom units, 19 two-bedroom units and 6 three-bedroom units.

23. Plaintiff entered into a HAP Contract (the "Village West Contract") with RIHMFC effective March 1, 1982. Accordingly, March 1 is the Village West Contract anniversary date. A copy of the HAP Contract is attached as Exhibit 1.

24. HUD signed and approved the HAP Contract between Plaintiff and RIHMFC.

25. The initial term of the Village West Contract was five years. Ex. 1, ¶1.lb. The Village West Contract is automatically renewable for five additional five-year terms unless either party to the Contract notifies the other party of its desire not to renew in writing at least sixty days prior to the expiration of the current term of the Contract, and the other party agrees in writing to the non-renewal. Ex. 1, ¶¶l.lc and 1.4a.

26. The Village West Contract states, "On each anniversary date of the Contract, the Contract Rents **shall** be adjusted by applying the applicable Automatic Annual Adjustment Factor

most recently published by the Government." Ex. 1, ¶1.9b(2) (emphasis added). No provision of the Contract requires Plaintiff to request the annual rent increase required by paragraph 1.9b(2).

27. The initial Contract Rent for the one-bedroom units at Village West was $421. For the two-bedroom and three-bedroom units at Village West, the initial Contract Rent was $506 and $578, respectively.

28. Before Notice 95-12 was issued, the Contract Rent for each unit type at Village West was increased annually by RIHMFC, as required by Plaintiff's HAP Contract with RIHMFC, including on March 1, 1995.

29. Although there have been increases to the Contract Rent for each unit type at Village West since March 1, 1995, the rents have not been increased annually as required by the Village West Contract. In addition, the increases that have been made were less than the amount to which Plaintiff was entitled under the Village West Contract.

**COUNT I - BREACH OF CONTRACT**
**(Failure to Increase Contract Rents)**

30. Plaintiff repeats and realleges paragraphs 1-29.

31. Under the HAP Contract between Plaintiff and RIHMFC, Plaintiff is entitled, on each anniversary date of the Contract, to an annual increase, based on the applicable annual adjustment factors published by HUD, in the Contract Rents at Village West.

32. Contrary to the terms of the HAP Contract between Plaintiff and RIHMFC, RIHMFC has not increased the Contract Rents at Village West annually, as required by the HAP Contract, since HUD issued Notice 95-12 on March 7, 1995. In addition, the increases to the Contract Rents at Village West made by RIHMFC since March 1, 1995 were for an amount less than the amount to which Plaintiff was entitled under the HAP Contract.

33. RIHMFC's failure to increase the Contract Rents at Village West in accordance with the terms of the Village West Contract since HUD issued Notice 95-12

constitutes a breach of the HAP Contract between Plaintiff and RIHMFC. This breach has resulted in reducing the housing assistance payments to which Plaintiff is entitled under its HAP Contract with RIHMFC.

34. Plaintiff has been damaged by RIHMFC's breach of the HAP Contract between Plaintiff and RIHMFC by this reduction in the housing assistance payments from RIHMFC to Plaintiff.

**COUNT II-BREACH OF CONTRACT**
**(Reduction in Annual Adjustment Factors)**

35. Plaintiff repeats and realleges paragraphs 1-34.

36. Since Notice 95-12 was issued, HUD has published two tables of annual adjustment factors when HUD published the factors in the Federal Register. Table I was applicable to turnover units, i.e. units that were occupied by a family different from the family that occupied the unit at the time of a project's previous annual rent increase. Table 2 was applicable to non-turnover units, i.e. units that were occupied by the same family as the family that occupied the unit at a project's previous annual rent increase. Table 2 reduced the adjustment factors in Table 1 by .01, except no factor was reduced below 1.0

37. Since Notice 95-12 was issued, RIHMFC has reduced the annual adjustment factors otherwise applicable to Section 8 projects, including the adjustment factors applicable to Village West, by .01 for non-turnover units.

38. Any reduction by RIHMFC of the annual adjustment factor for non-turnover units at Village West results in Contract Rents that are lower than the Contract Rents to which Plaintiff is entitled under the HAP Contract between Plaintiff and RIHMFS. This constitutes a breach of the HAP Contract between Plaintiff and RIHMFC and damages Plaintiff by reducing the housing assistance payments to which Plaintiff is entitled under its HAP Contract with RIHMFC.

**COUNT III-BREACH OF CONTRACT**
**(Rent Comparability Study)**

39. Plaintiff repeats and realleges paragraphs 1-38.

40. RIHMFC requires Plaintiff, and owners of other Section 8 projects, to submit a Rent Comparability Study, prepared at Plaintiff's expense, before deciding whether to increase the Contract Rents at Village West.

41. In 2004 and 2005 Plaintiff submitted a Rent Comparability Study in connection with a rent increase request submitted by Plaintiff to RIHMFC in each year.

42. No provision of Plaintiff's HAP Contract with RIHMFC requires Plaintiff to submit a Rent Comparability Study before receiving the annual rent increase to which Plaintiff is entitled under the Village West Contract.

43. The requirement to submit a Rent Comparability Study imposed by RIHMFC on Plaintiff constitutes a breach of the HAP Contract between Plaintiff and RIHMFC.

44. Plaintiff has been damaged by this breach of the Village West Contract by RIHMFC through the cost incurred by Plaintiff in obtaining the Rent Comparability Studies submitted by Plaintiff to RIHMFC.

WHEREFORE, Plaintiff prays that the Court:

(i) Find that RIHMFC has breached the HAP Contract between Plaintiff and RIHMFC;

(ii) Award Plaintiff compensatory damages for the breaches by RIHMFC of Plaintiff's HAP Contract with RIHMFC;

(iii) Order RIHMFC to increase the current Contract Rents at Village West to reflect the annual increases to which Plaintiff was entitled in accordance with the HAP Contract between Plaintiff and RIHMFC;

(iv) Award Plaintiff its costs and expenses of this action, including attorney fees; and

(v) Award any other relief to which Plaintiff is entitled or that the Court determines is appropriate

Respectfully Submitted,

VILLAGE WEST ASSOCIATES

By Their Attorneys:

Steven T. Hayes (#6017)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, RI 02903
401-421-7110 (Telephone)
401-421-7111 (Facsimile)
E-mail: shayes@zizikpowers.com

**Of Counsel:**

Carl A.S. Coan, Jr.
Carl A.S. Coan, III
Coan & Lyons
1100 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
202-728-1070 (Telephone)
202-293-2448 (Facsimile)