**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| VILLAGE WEST ASSOCIATES, *Plaintiff,* | ) | |
| vs. | ) | C.A. No. **1:08-cv-00192-S-DLM** |
| RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, *Defendant.* | ) | |

## ANSWER

Defendant Rhode Island Housing and Mortgage Finance Corporation ("RIHMFC") makes the following answer to the Complaint:

1. RIHMFC admits that Plaintiff is the owner of a multifamily rental housing project that is assisted under the project-based Section 8 program. The remainder of Paragraph 1 contains legal conclusions to which no response is required.

2. Admitted.

3. The HAP Contract between Plaintiff and RIHMFC speaks for itself regarding Plaintiff's entitlement to annual rent increases. RIHMFC avers that, as the Contract Administrator for Section 8 HAP Contracts, it is obliged to follow the requirements and directives of the U.S. Department of Housing and Urban Development ("HUD") with respect to making rent increases under those contracts. RIHMFC further avers that, since 1995, it has increased or not increased the rents payable under its HAP Contract with Plaintiff in accordance with HUD regulations and directives. The remainder of Paragraph 3 contains legal conclusions to which no response is required.

4. Admitted.

5. Admitted.

6. RIHMFC admits that Village West is a 35-unit multifamily rental housing project located in Woonsocket, Rhode Island. RIHMFC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and, therefore, denies same.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. RIHMFC admits that under certain of HUD's Section 8 Programs, including the Program for State Housing Agencies, annual adjustment factors are used to calculate the increase in a Section 8 project's Contract Rents, and that HUD is required to publish these adjustment factors by notice in the Federal Register at least annually.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. RIHMFC admits that the purpose of Form 92273 is to calculate the estimated market rent for a project's units. The remainder of Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Admitted.

23. Admitted.

24. Admitted.

25. The HAP Contract speaks for itself regarding its initial term and renewal provisions.

26. The HAP Contract speaks for itself regarding annual rent increases.

27. Denied. RIHMFC avers that, as a result of a contract amendment in April 1982, the initial Contract Rents at Village West were $448 for one-bedroom units, $545 for two-bedroom units, and $619 for three-bedroom units.

28. RIHMFC admits that, before Notice 95-12 was issued, the Contract Rent for each unit type at Village West was increased annually, including on March 1, 1995. The remainder of Paragraph 28 contains legal conclusions to which no response is required.

29. RIHMFC admits that there have been increases to the Contract Rent for each unit type at Village West since March 1, 1995. The remainder of Paragraph 29 contains legal conclusions to which no response is required.

30. RIHMFC repeats and realleges its answers to paragraphs 1-29.

31. Paragraph 31 contains legal conclusions to which no response is required.

32. Paragraph 32 contains legal conclusions to which no response is required.

33. Paragraph 33 contains legal conclusions to which no response is required.

34. Paragraph 34 contains legal conclusions to which no response is required.

35. RIHMFC repeats and realleges its answers to paragraphs 1-34.

36. Admitted.

37. RIHMFC admits that, since Notice 95-12 was issued, the annual adjustment factor it has applied to Section 8 projects, including Village West, for non-turnover units has been .01 lower than the adjustment factor for comparable turnover units.

38. Paragraph 38 contains legal conclusions to which no response is required.

39. RIHMFC repeats and realleges its answers to paragraphs 1-38.

40. RIHMFC admits that, pursuant to the procedures set forth in Notice 95-12, it requires Plaintiff to submit a Rent Comparability Study, prepared at Plaintiff's expense, before deciding whether to increase the Contract Rents at Village West.

41. Admitted.

42. The provisions of Plaintiff's HAP Contract speak for themselves regarding whether they require a Rent Comparability study as a condition for an annual rent increase.

43. Paragraph 43 contains legal conclusions to which no response is required.

44. Paragraph 44 contains legal conclusions to which no response is required.

45. RIHMFC denies each and every allegation in the Complaint except those matters explicitly admitted herein.

**DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred by the applicable statutes of limitations, as well as the doctrine of laches.

Respectfully submitted,

/s/ Craig M. Scott

Craig M. Scott (#4237)
cscott@duffysweeney.com
Rachelle R. Green (#5870)
rgreen@duffysweeney.com
Duffy Sweeney & Scott, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
Telephone: (401) 455-0700
Facsimile: (401) 455-0701

Attorneys for Defendant and Third-Party Plaintiff
*Rhode Island Housing and Mortgage Finance Corporation*

Of Counsel

Steven D. Gordon, Esq.
District of Columbia Bar No. 219287
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Fax: (202) 955-5564
Email: sgordon@hklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Answer*** was filed through the ECF system on the 25h day of July, 2008, and will be sent electronically to counsel of record who are registered participants identified on the Notice of Electronic Filing and mailed to counsel who are not registered participants of the ECF system as indicated below:

Stephen T. Hayes, Esq.
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, RI 02903
shays@zizikpowers.com

Carl A. S. Coan, Jr., Esq.
Carl A. S. Coan, III, Esq.
Coan & Lyons
1100 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036

/s/ Craig M. Scott
Craig M. Scott